**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INFOSPAN, INC., | No. 17-55000 |
| Plaintiff-Appellant, | D.C. No. 8:11-cv-01062-JVS-AN |
| v. | |
| EMIRATES NBD BANK PJSC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and CASTEL,[**] District Judge.

InfoSpan, Inc. appeals from an adverse jury verdict on its trade secret

misappropriation, misrepresentation, and unfair competition claims against

Emirates NBD Bank PJSC (the Bank). On appeal, InfoSpan raises a series of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

evidentiary rulings that it claims prejudiced its case at trial, and it claims that its case was further prejudiced by an improper instruction on United Arab Emirates (UAE) law that pertained to one of the claims at issue. Because we conclude that InfoSpan was not prejudiced by the adverse evidentiary rulings and the jury was properly instructed, we affirm.

1. Evidentiary Issues. "[J]udicial error alone does not mandate reversal." *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005). Prejudice is also required. *See id.* In response to InfoSpan's claims of error on appeal, the Bank amply established that any erroneous evidentiary rulings were "more probably than not harmless." *See id.* (quoting *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983)). By way of example, the Bank identified voluminous record evidence to establish the following:

- InfoSpan never developed a stored value card capable of doing what it promised.

- InfoSpan misrepresented that it had a stored value card that had already been deployed for commercial use.

- The Bank decided to terminate the agreement with InfoSpan because the Bank discovered InfoSpan's misrepresentations of its technology and inability to deliver the product it promised.

- The Bank never received the servers that InfoSpan said contained the allegedly misappropriated trade secrets.

2

InfoSpan fails to grapple with any of this evidence. Moreover, the evidence InfoSpan cited to establish its ownership of trade secrets and the Bank's alleged misappropriation of the same was vague, and portions of it tended to corroborate the Bank's theory rather than its own. For example, the evidence InfoSpan cited in its reply brief includes references to the non-functioning "NOBOCARD." It also included manuals and documents relating to the stored value card that list dates of creation post-dating InfoSpan's agreement with the Bank by over a year.

In contrast to the voluminous evidence establishing the Bank's defense, the allegedly prejudicial evidence was thin and briefly touched upon in the course of a ten-day trial.[1] Accordingly, even assuming the trial court erred in its evidentiary rulings, any errors were "more probably than not harmless." *Obrey*, 400 F.3d at 699 (quoting *Haddad*, 720 F.2d at 1459).

2. <u>UAE law instruction.</u> We find no error in the trial court's decision not to include the "good faith" language InfoSpan requested in the jury instruction on UAE law. As an initial matter, InfoSpan offered the instruction after the Bank

---

[1] In particular, the testimony regarding the rape or sexual assault incident (involving one of InfoSpan's high level employees in Pakistan) was brought to the jury's attention in a relatively short exchange during the trial and the Bank mentioned the incident only obliquely and in passing in its closing argument. InfoSpan's decision to highlight and belabor the incident in its own closing argument does not establish prejudice.

rested. But even if timing were no issue, we review "the particular formulation of civil jury instructions for abuse of discretion." *White v. Ford Motor Co.*, 312 F.3d 998, 1020 (9th Cir. 2002), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003). To establish prejudicial error in civil jury instructions, InfoSpan needed to show that the instructions taken as a whole failed to correctly and fairly cover the substance of the applicable law. *Id.* at 1021. Yet InfoSpan has not asserted that the instruction given suggested that filing a criminal complaint in bad faith was permissible under UAE law. The district court's decision not to expressly add the good faith qualifying language InfoSpan requested was not an abuse of discretion—especially where the only support for the final-hour instruction was a declaration of a previously undisclosed expert witness.

**AFFIRMED.**